| | | |
|---|---|---|
| **MARITZ, LLC,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 4:11cv0719 TCM** |
| | ) | |
| **MH2 DIRECT, LLC,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## MEMORANDUM AND ORDER

This dispute is before the Court on the opposed motion of defendant, MH2 Direct, LLC ("MH2"), for leave to file an amended counterclaim.

## Background

This action has its genesis in a complaint filed by Maritz LLC ("Maritz") requesting that a judgment be entered declaring that (a) all fees it owed MH2 were defined by a 2004 agreement; (b) MH2 was not entitled to a percentage of any fees billed by Maritz to J.P. Morgan Chase Bank ("Chase") that were not Value Added Loyalty Technology ("VAULT") fees or merchandise fees; (c) Maritz has paid MH2 all fees due; and (d) Maritz has not breached obligations under the parties' 2004 agreement or otherwise violated the law in performance of its obligations under that agreement.

MH2 disagreed, and filed a one-count counterclaim in April 2011 for breach of contract based on allegations that Maritz had not paid it all the fees due under the 2004 agreement for its loyalty marketing program services and its successor programs.

Since the filing of the counterclaim, the Court has heard arguments on three motions to compel filed by MH2 after the parties were unable to reach an agreement on the underlying discovery disputes. The second motion involved information about the loyalty marketing programs; the third about the successor programs.

Shortly before filing its third motion to compel and approximately eight months after the deadline for filing motions to amend pleadings, MH2 filed the instant motion seeking leave to amend its counterclaim to add a count for negligent spoilation and a count for breach of the implied duty of good faith and fair dealing. MH2 argues that (a) it has good cause for its belated motion because it only recently learned that the migration data relevant to its successor program claims was unreliable for the period before 2009 and was in the custody of Chase for the period after 2009,[1] and (b) a claim for negligent spoilation exists under applicable Connecticut law. Maritz counters that there is no good cause for the late motion and a claim for negligent spoilation is futile.

### Discussion

When the court "has already filed a final scheduling order, a party seeking to amend [its] pleadings after the deadline specified in the order must show good cause." **Ray v. Am. Airlines, Inc.**, 609 F.3d 917, 927 (8th Cir. 2010) (citing Fed.R.Civ.P. 16(b)). "'The primary measure of good cause is the movant's diligence in attempting to meet the order's requirements.'" **Morrison Enters., LLC v. Dravo Corp.**, 638 F.3d 594, 610 (8th Cir. 2011) (quoting Sherman v. Winco Fireworks, Inc., 532 F.3d 709, 716 (8th Cir. 2008)). "While the

---

[1]MH2 does specify whether the 2009 migration data is unreliable or in the custody of Chase.

prejudice to the nonmovant resulting from modification of the scheduling order may also be a relevant factor, generally, [the Court] will not consider prejudice if the movant has not been diligent in meeting the scheduling order's deadlines." **Sherman**, 532 F.3d at 717.

In its third motion to compel, MH2 argued that the parties had "engaged in an extensive email exchange regarding . . . Maritz's production of migration data" between November 7, 2011, and January 31, 2012. (Mot. to Compel at 1, ECF No. 42.) MH2 had received migration reports in December 2007 for the two preceding months and in June 2008 for the months from November 2007 to May 2008. (Mem. at 2, ECF No. 43.) Other migration reports were produced during the course of discovery in this litigation and were, according to MH2, "inaccurate and . . . based on an improper methodology." (Id.) The issue of how Maritz calculates what it owes MH2 under paragraph 4(D) governing successor programs, cited in the proposed count for negligent spoliation, has been cited by MH2 as early as March 2, 2011. (See Def. Mem. Ex. 2 at 6-7, ECF No. 44-2.) Indeed, in its demand letter of that date, MH2 characterized Maritz's migration data as "incomplete or . . . misleading or deceptive." (Id. at 7.) MH2 adds nothing in its motion to amend the counterclaim to persuade the Court that further information alerted it to culpable behavior it was not previously alarmed about.[2]

In addition to requesting leave to amend its counterclaim to add a count of negligent spoliation, MH2 seeks to add a count for breach of the implied duty of good faith and fair

_____

[2]The Court notes that MH2 also alleges in its amended counterclaim that, due to Maritz's breach of its contractual duty to provide reliable migration duty, it "is entitled to an inference that all programs served by Maritz for Chase are Successor Programs." (Am. Countercl. ¶ 66.) The Court reserves for another day the question whether the spoliation issue may arise at trial in an evidentiary context.

dealing, explaining that this count "simply clarif[ies] that the previously alleged malfeasances committed by Maritz that constituted breaches of the parties' contract were done in bad faith." (Mot. ¶ 15.) Clearly, no good cause has been shown for the late addition of this clarification.

Accordingly, for the foregoing reasons,

**IT IS HEREBY ORDERED** that the motion of MH2 Direct LLC to file an amended counterclaim is **DENIED**. [Doc. 41]

/s/Thomas C. Mummert, III
THOMAS C. MUMMERT, III
UNITED STATES MAGISTRATE JUDGE

Dated this  28th  day of March, 2012.